DOMENGEAUX, Judge.
The plaintiff, Jerry Glenn Phillips, has perfected this appeal from the judgment of the trial court which granted the defendant, Carolyn Wagoner Phillips, a judgment of separation based on the grounds of abandonment. The trial court’s judgment also found the defendant-wife to be free from fault.
The plaintiff and defendant were married on June 4, 1963. Of this union two children were born; Brenda Janelle Phillips and Brandon Lane Phillips.
Both parties admitted that they last lived together on October 12, 1982. Plaintiff filed suit on October 25, 1982, seeking a separation based upon cruel treatment. He conceded that he did leave the matrimonial domicile on October 12, 1982, but it was his contention that defendant’s cruel treatment was justification for his withdrawal.
On November 16, 1982, defendant filed a reconventional demand seeking a separation on the grounds of abandonment and cruel treatment. Following a trial on the merits, a judgment was rendered in favor of the defendant-wife based upon the plaintiff’s fault.
Mr. and Mrs. Phillips were awarded joint custody of the minor child, Brandon Phillips; Mrs. Phillips was awarded alimony “pendente lite”, in the sum of $200.00 per month. Mr. Phillips was also ordered to pay the sum of $250.00 per month as child support and to secure, maintain and pay premiums for hospitalization and insurance coverage on the minor, Brandon Phillips, through his employer’s furnished group policy. The judgment also ordered Mr. Phillips to permit Mrs. Phillips and the minor child to reside in the community home pending a partition of the community, and recognized attorney’s fees incurred by the parties relative to the separation as debts of the community.
The issues presented for consideration on appeal are:
(1) Whether the trial court was correct in finding Mrs. Phillips free from fault and awarding her a separation on the grounds of abandonment, and
(2) Whether the trial court was correct in making its assessments of alimony and child support.
The laws applicable to the present situation are Civil Code Articles 138(5) and 143. La.C.C. Art. 138(5) reads in part as follows:
“Separation from bed and board may be claimed reciprocally for the following causes:
s£ * * * * *
5. Of the abandonment of the husband by his wife or the wife by her husband.
* * * ⅜ )f
La.C.C. Art. 143 provides:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconven-tional demand in any suit for separation from bed and board.”
Our jurisprudence has construed these Articles to mean that there must be a withdrawal without lawful cause and there must also be exhibited on the part of the *188 spouse who left, a constant refusal to return. Sciortino v. Sciortino, 188 So.2d 224 (La.App. 4th Cir.1966), writ refused, 190 So.2d 237 (La.1966).
In the present case the husband having admitted: (1) he withdrew from the matrimonial domicile; and (2) his repeated refusal to return, there remains for our consideration only the question of whether he left with lawful cause.
We deem it unnecessary to relate the precise details of the time, place, and circumstances of the unpleasant disputes and differences between the parties as disclosed in the record. It suffices to narrate enough generalities to support our affirmation of the trial court’s findings. Mrs. Phillips and the parties’ daughter, Brenda Phillips testified that Mrs. Phillips’ alleged actions in harassment were merely actions taken by her to save her marriage. On the other hand, Mr. Phillips contends that Mrs. Phillips accused him of marital infidelity and locked him out of the house. Mrs. Phillips stated that she did not lock her husband out of the house and that she simply took the keys when she left to go to work so that Mr. Phillips would not take his things and leave her before there was an opportunity to discuss the marital problems. The record supports the findings of the trial court that while these parties were not on the best of terms the above actions did not justify Mr. Phillips’ departure.
Mr. Phillips further alleges that certain post-separation conduct on the part of Mrs. Phillips warrants a finding of fault on her part. The record establishes that Mrs. Phillips followed her husband, she engaged in argumentative debate with him, and had a confrontational encounter with a lady she believed responsible for her marriage problems.
The trial court found that this action engaged in by Mrs. Phillips to restore her marital situation, although misguided and unsuccessful, was not sufficient to constitute a finding of fault on her part. We cannot say that this finding was manifestly erroneous and thereby affirm the decision of the trial court.
Lastly, Mrs. Phillips contends the alimony and child support awards are improper. However, as she has not answered the plaintiff’s appeal nor perfected her own appeal we need not address that issue. See Louisiana Code of Civil Procedure Article 2133. Nevertheless we find the awards to have been proper and we will not disturb them.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.
OPINION ON CORRECTION
PER CURIAM.
On our own motion we proceed to correct a statement contained in our recently rendered opinion. Therein we erroneously stated that Mrs. Phillips had not answered the plaintiff’s appeal, nor perfected her own appeal. She did in fact appeal and her appeal pertained to the alimony and child support awards.
We found in our opinion, as shown therein, that the awards were nevertheless proper, and we would not disturb them. We reiterate that position and reaffirm our opinion.